UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, *et al.*, | Case No. 1:07-cv-156 |
| Plaintiffs, | Magistrate Judge Timothy S. Black |
| vs. | |
| STEVE WILLIS, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

This civil action is before the Court on plaintiffs' motion for summary judgment. (Doc. 14). Plaintiffs' motion is supported by the Affidavit of Brian J. O'Connell ("O'Connell Aff") as well as exhibits A-L. The motion is unopposed. The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 11.)

## BACKGROUND

Plaintiffs seek redress for the alleged infringement of their copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. §§ 101, 106, 501-505 (2000). Plaintiffs' Complaint for Copyright Infringement ("the Complaint") alleges that Plaintiffs are the copyright owners or licensees of exclusive rights under United States copyright with respect to certain "Copyrighted Recordings," including specifically the eleven (11) copyrighted sound recordings identified in Exhibit A to the Complaint, and that "Defendant, without the permission or consent of Plaintiffs, has used, and continues to

use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (Compl. ¶13.)

Plaintiffs' Complaint seeks an award of statutory damages under 17 U.S.C. § 504(c) for each infringement of their Copyrighted Recordings, injunctive relief under 17 U.S.C. § 502, and costs and attorneys' fees under 17 U.S.C. § 505. (Compl. ¶¶ 16-17.)

As explained more fully below, Defendant is deemed to have admitted each of Plaintiffs' First Requests for Admission because he failed to respond to them. *See* Fed. R. Civ. P. 36(a). Consequently, Defendant admits that he used an online media distribution system (or "peer-to peer" network) to download (and thereby reproduce) Plaintiffs' copyrighted sound recordings and to distribute those sound recordings over the Internet to millions of other users. A folder on Defendant's computer (the "share folder") contained more than four hundred music files that Defendant was actively distributing to millions of users on a peer-to-peer network at the time Plaintiffs detected his actions. (*See* Doc. 1, Ex. B.) Because Defendant is deemed under Fed. R. Civ. P. 36 to have admitted Plaintiffs' First Requests for Admissions, Plaintiffs move for summary judgment on their Complaint for copyright infringement.[1]

For the reasons that follow, the undersigned finds that Plaintiffs' motion is well-

---

[1] Although Plaintiffs' assert that Defendant was responsible for hundreds of infringements, Plaintiffs request only an Order finding that Defendant has infringed eleven (11) of their Copyrighted Recordings, awarding Plaintiffs minimum statutory damages of $750 per infringed work, or $8,250.00, enjoining Defendant from further infringing Plaintiffs' copyrights, and awarding Plaintiffs costs of this suit.

taken.

## UNDISPUTED FACTS[2]

1.      Plaintiffs, Sony BMG Music Entertainment, Maverick Recording Company, Arista Records LLC, and BMG Music, UMG Recordings, Inc, and BMG Music have authority to bring the above-entitled action pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1338(a)(copyright). (Compl. ¶¶ 1-2.)

2.      Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.  (Compl. ¶ 4.)

3.      Plaintiff Maverick Recording Company is a joint venture between SR/MDM Venture Inc. and Maverick Records LLC, organized and existing under the laws of the State of California, with its principal place of business in the State of California. (Compl. ¶ 5.)

4.      Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. (Compl. ¶ 6.)

5.      Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of

---

[2] The Court herein adopts Plaintiffs' proposed findings of fact as submitted with their motion for summary judgment (doc. 14, Ex. 18 .)  See Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 404-05 (6th Cir. 1992) (When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party.)

California. (Compl. ¶ 7.)

6. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. (Compl. ¶ 8.)

7. Defendant Steve Willis is an individual residing in this District at 1044 Cherokee Drive, Mason, Ohio 45040. (Compl. ¶ 9; Summons Returned Executed, Docket Doc. 006).

8. The Complaint in this matter alleges that Defendant infringed copyrights belonging to the Plaintiffs. (Compl.)(17 U.S.C. §101 *et seq.*).

9. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public. (Compl. ¶ 12)(17 U.S.C. ¶ 106(1)).

10. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant. (Compl. ¶ 14) (*See* O'Connell Aff., Exh. A1, Nos. 18-19.)

11. None of the Plaintiffs ever authorized Defendant to copy or download onto a computer hard drive or to distribute any of Plaintiffs' Sound Recordings listed on Exhibit A to the Complaint. (*See* O'Connell Aff., Exh. A1, Nos. 22 and 25.)

12. Defendant used an online media distribution system to download and make available each of Plaintiffs' Sound Recordings listed on Exhibit A1, attached to the Complaint. (*See* O'Connell Aff., Exh. A1, Nos. 12 and 24.)

13. Defendant knowingly and willfully infringed the copyright in each of Plaintiffs' Sound Recordings listed on Exhibit A, attached to the Complaint. (*See* O'Connell Aff., Exh. A1, Nos. 13 and 23.)

14. Exhibit B to the Complaint is a true and correct copy of Defendant's share folder as it currently exists, or as it existed at any point during the preceding three years before the Complaint in this action was filed (*e.g.*, February 27, 2007). (*See* O'Connell Aff., Exh. A1, No. 9.)

15. Plaintiffs duly registered the copyright in each of the Sound Recording listed on Exhibit A, attached to the Complaint, prior to the first date on which Defendant downloaded or made available such sound recording and furthermore, Plaintiffs own or control exclusive rights to the copyright in each of the Sound Recordings listed on Exhibit A, attached to the Complaint. (*See* O'Connell Aff., Exh. A, Nos. 14, 16, and 20 and Ex. A2.)

16. Each copyright registration for each sound recording identified in Exhibit A, attached to the Complaint, is valid. (*See* O'Connell Aff., Exh. A1, No. 20.)

17. Defendant failed to answer Plaintiffs' Request for Admissions, which were properly served on the Defendant on October 26, 2007. (*See* O'Connell Aff., Ex. A1 and ¶ 3.)

18. Plaintiffs have attempted to contact Defendant's counsel several times with

respect to Defendant's failure to respond to Plaintiffs' Requests for Admission. (*See* O'Connell Aff., ¶ 3.)

19. Defendant has never responded to Plaintiffs' Request for Admissions or any other discovery requests. (*See* O'Connell Aff., ¶ 3.)

20. The minimum statutory damages are $8,250.00 (17 U.S.C. §504(c)(1), Exh. A to the Complaint, O'Connell Aff., Exh. A.) Costs are in the amount of $420.00. (*See* Doc. 6 and O'Connell Aff., Exh. A3.)

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505 (1986).

## DISCUSSION

The Copyright Act grants the copyright owner of a sound recording the exclusive rights to, among other things, "reproduce the copyrighted work in copies or phonorecords" and "distribute copies or phonorecords of the copyrighted work to the public." 17 U.S.C. § 106(1) and (3). In order to prevail, Plaintiffs must prove (1) that they own the copyrights in the Sound Recordings and (2) that Defendant copied or distributed those Sound Recordings. *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) ("To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.")

Copyright infringement is a strict liability offense; Plaintiffs need not demonstrate Defendant's intent to infringe, or even knowledge of infringement, in order to prove copyright infringement. *See, e.g., Toksvig v. Bruce Pub. Co.*, 181 F.2d 664, 666 (7th Cir. 1950) ("[i]ntention is immaterial if infringement appears"); *see also Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000) ("Copyright infringement actions, like those for patent infringement, ordinarily require no showing of intent to infringe."); 14 A.L.R. Fed. 825, § 2 ("lack of intent to infringe or of knowledge of infringement does not relieve a 'direct' infringer of his liability for copyright infringement") (cited in *Monsanto Co. v. Potts*, No. 2:04-CV-282, 2005 WL 1514130 * 2 (S.D. Ohio June 24, 2005).).

*i.*

Here, upon careful review, the undersigned finds that Plaintiffs are entitled to judgment as a matter of law with respect to their claims for copyright infringement , as well

as statutory damages.  As noted above, Defendant failed to respond to Plaintiffs' First Request for Admissions, which Plaintiffs served on October 26, 2007.  (O'Connell Decl. ¶¶ 2, 3.)  As a result, each request is deemed admitted.  *See* Fed. R. Civ. P. 36(a) ("The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . ."); *KerrySteel, Inc. v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997); *Bilaal v. Defiance Publ. Co.*, No. 3:04CV07189, 2005 WL 3817289 (N.D. Ohio Oct. 27, 2005) (granting summary judgment on deemed admissions); *see also United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987) (affirming a summary judgment order based on deemed admissions).

Summary judgment is appropriate here because Defendant has admitted all facts necessary for Plaintiffs to prevail on their claim for copyright infringement.  *See United States v. 2204 Barbara Lane*, 960 F.2d 126, 129-30 (11th Cir. 1992); *Elektra Entertainment Group Inc. v. Brimley*, CV 205-134 (S.D. Ga. Aug. 15, 2006); *Sony Music Corp. v. Scott*, No. 03-Civ-6886 (BSJ) (S.D.N.Y. Feb. 18, 2005)

As noted above, Defendant has admitted that Plaintiffs own valid copyrights in the Sound Recordings for which recovery is sought.  Defendant has also admitted that he used an online media distribution system both to reproduce and to distribute unlawfully Plaintiffs' Sound Recordings listed on Exhibit A to the Complaint, thereby infringing Plaintiffs' copyrights in those Sound Recordings.

Thus, Plaintiffs have proven that they own the copyrights in question and that

Defendant infringed those copyrights. Because Plaintiffs have conclusively established their claim for copyright infringement against Defendant, they are entitled to an award of statutory damages.

The Copyright Act provides that once copyright infringement has been established: [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally. 17 U.S.C. § 504(c)(1); *see also Gonzalez*, 430 F.3d at 891-92; *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1114 (2d Cir. 1986) (noting that upon proof of infringement, a copyright "owner may elect to recover – instead of actual damages and profits – statutory damages under § 504(c)(1) for those works whose copyrights were registered at the time the infringement occurred").

Plaintiffs are seeking such statutory damages, and need not prove any actual damages in order to be entitled to an award of statutory damages. Plaintiffs may elect statutory damages "whether or not adequate evidence exits as to the actual damages incurred by plaintiffs or the profits gained by defendants." *Cable/Home Communications*, 902 F.2d at 850 (citing Nimmer § 14.04[A]).

The appropriate statutory damages for non-willful infringement range from a minimum of $750 per work to a maximum of $30,000 per work. *See* 17 U.S.C. § 504(c)(1). When, as in the present case, Plaintiffs elect statutory damages, they may

not receive less than the minimum statutory damages amount specified in the Copyright Act for each infringed work. The Court is "constrained . . . by the specified maxima and minima" set forth in the Copyright Act. *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc*, 259 F.3d 1186, 1194 (9th Cir. 2001) (internal quotation marks and citation omitted).

Plaintiffs' request for the minimum amount of statutory damages prescribed by the Copyright Act: to wit, an award of $750 for each of the eleven Sound Recordings at issue in this Motion for a total of $8,250, and the request is therefore well-taken. *See Gonzalez,* 430 F.3d at 892-893; *Lava Records, LLC v. Ates*, Civ. Action No. 05-1314 (W.D. La. July 11, 2006); *Sony BMG Music Entertainment v. Bell*, Case No. A-04-CA-1055-SS (W.D. Tex. June 6, 2006).

*ii.*

Furthermore, pursuant to the Copyright Act, Defendant shall be permanently enjoined from further infringement. The Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a); *see also Pacific & S. Co. v. Duncan,* 744 F.2d 1490, 1499 n.17 (11th Cir. 1984).

Injunctions are routinely issued pursuant to the mandate of Section 502, because "the public interest is the interest in upholding copyright protections." *Autoskill Inc. v. National Educ. Support Sys., Inc.,* 994 F.2d 1476, 1499 (10th Cir. 1993).

Here, entry of an injunction is "necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable right.*"* *Atari Inc. v. North Am. Philips Consumer Elec. Corp*., 672 F.2d 607, 620 (7th Cir. 1982) (overruled on other grounds)(preliminary injunction); *Morley Music Co. v. Café Cont'l, Inc*., 777 F. Supp. 1579, 1583 (S.D. Fla. 1991) ("A Plaintiff is entitled to a permanent injunction in a copyright action when liability has been established and where there is a threat of continuing violations.").

*iii.*

Finally, in light of the above findings, Plaintiffs are also entitled to costs of suit as a matter of law. Section 505 of the Copyright Act expressly authorizes recovery of "full costs," because an award of costs would "(1) deter future copyright infringement; (2)

ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *A&N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Penn. 1990); *see also Cross Keys Publ'g Co., Inc. v. Wee, Inc*., 921 F. Supp. 479, 481-82 (W.D. Mich. 1995). Accordingly, the undersigned finds that Plaintiffs are entitled to recover $420 as costs of suit ($350 filing fee (Doc. 2) and $70 service fee (Doc. 4 and invoice attached hereto as Exhibit A3)).

## CONCLUSION

In sum, based on the evidence of record, the Court finds that there is no genuine issue of material fact for trial, and that Plaintiffs' are entitled to judgment as a matter of law. **IT IS THEREFORE ORDERED** that Plaintiffs' motion for summary judgment (Doc. 14) is **GRANTED**, and Plaintiffs are hereby awarded statutory damages in the amount of $8,250.00 and costs in the amount of $420.00.

**IT IS FURTHER ORDERED** that Defendant is hereby enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful

license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**IT IS SO ORDERED.**

**DATE:** May 16, 2008

　s/Timothy S. Black　
Timothy S. Black
United States Magistrate Judge